UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Long Beach Mortgage Trust 2006-WL1,<br><br>Plaintiff,<br>v.<br>PORFIRIO GARCIA; DOES 1 to 20, inclusive,<br><br>Defendants. | Civil No. 3:13-cv-1696-GPC-NLS<br><br>**ORDER SUA SPONTE REMANDING CASE TO STATE COURT** |

## INTRODUCTION

On March 1, 2012, plaintiff Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Trust 2006-WL1 ("Plaintiff"), filed a complaint in the Superior Court of California, County of San Diego for unlawful detainer against defendant Porfirio Garcia ("Defendant").[1] (ECF No. 1.) Plaintiff alleges that Defendant unlawfully continues in possession of a property to which Plaintiff claims rights superior to those of Defendant. On July 22, 2013, Defendant removed the matter to this Court, asserting this Court has jurisdiction based on the existence of a federal question.

After reviewing the pleadings filed in this case, and for the reasons set forth

---

[1] San Diego Superior Court case number 37-2012-37581-CL-UD-NC.

below, this Court finds that it lacks subject matter jurisdiction over the Complaint and, therefore, **SUA SPONTE REMANDS** the matter to state court for all further proceedings.

## DISCUSSION

### 1. Legal Standard

Federal courts are courts of limited jurisdiction. See Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, a federal court cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. See Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 93-94 (1998). Thus, at anytime during the proceedings, a district court may sua sponte remand a case to state court if the court lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c); Brockman v. Merabank, 40 F.3d 1013, 1015-16 (9th Cir. 1994).

Removal jurisdiction is governed by 28 U.S.C. § 1441 et seq. A state court action can be removed if it could have originally been brought in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, a party invoking the federal removal statutes must establish jurisdiction by demonstrating the existence of: (1) a statutory basis; (2) a federal question; or (3) diversity of the parties. See Mir v. Fosburg, 646 F.2d 342, 345 (9th Cir. 1980). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988).

The burden is on the removing party to demonstrate federal subject matter jurisdiction over the case. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). To remove an action based on the existence of a federal question, the complaint must establish either that federal law creates a cause of action alleged in the complaint or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. See Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 461 U.S. 1, 10 (1983). A plaintiff is the master of its

complaint, and federal question jurisdiction exists only when a federal question is presented on the face of a properly pled complaint. See Caterpillar, 482 U.S. at 392. As such, removal cannot be based on a counterclaim. Takeda v. N.W. Nat'l Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985).

**2. Analysis**

Upon review of Defendant's Notice of Removal and the attached Complaint, this Court finds it appropriate to sua sponte remand the case to state court because the Notice of Removal and attached Complaint fail to establish a proper basis for this Court's subject matter jurisdiction. Defendant asserts federal question jurisdiction exists for three reasons. First, Defendant asserts that portions of California Civil Code Sections 1166 and 1179 (the unlawful detainer statutes) violate the Equal Protection Clause of the United States Constitution. Second, Defendant asserts "this case involves conduct pertaining to the Fair Debt Collection Act (FDCPA) pursuant to *15 USC 1692 et seq.* further constituting federal questions ripe for review." Third, Defendant asserts he "is a citizen of California and further allege[s] that he has been deprived of a liberty interest protected under the due process clause."

In its Complaint, Plaintiff asserts a single cause of action for unlawful detainer. Plaintiff prays for a judgment of unlawful detainer and for immediate possession of the property. Notwithstanding Defendant's vague assertion that this Complaint gives rise to a question under the U.S. Constitution and under the FDCPA, the Court finds no federal question appears on the face of the Complaint. The Court further finds that nothing in the Complaint indicates that Plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law, as the unlawful detainer claim alleged rests exclusively on California state law. Plaintiff's constitutional and FDCPA claims may very well constitute defenses and/or counterclaims. Defenses and counterclaims that implicate a federal question, however, are not sufficient to confer subject matter jurisdiction over a complaint that rests squarely on state law. Accordingly, the Court finds it does not have subject matter jurisdiction over this case

and therefore finds it appropriate to sua sponte remand the matter to state court./

**CONCLUSION AND ORDER**

Based on a careful review of Defendant's Notice of Removal, the Complaint, and the applicable law, and for the reasons stated above, **IT IS HEREBY ORDERED** that this case is **SUA SPONTE REMANDED** to state court.

DATED: July 30, 2013

HON. GONZALO P. CURIEL
United States District Judge